Chia-li Bruce (SBN 252876)
cshih@BruceStone.us
BRUCE STONE LLP
425 Market Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 230-4343
Facsimile: (415) 236-6060

Attorneys for Plaintiff
King Sheng Co., Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING SHENG CO., LTD. a Taiwan corporation, <br><br> Plaintiff, <br><br> v. <br><br> CURT Manufacturing, LLC a Wisconsin corporation, <br><br> Defendant. | Case No.: 2:16-cv-03244 GW (MRWx) <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff, King Sheng Co., Ltd., dba Seiki ("Seiki"), files this Complaint against defendant CURT Manufacturing, LLC. ("Curt"), and demanding a trial by jury, alleges as follows:

## I. THE PARTIES

1. King Sheng Co., Ltd., is a corporation incorporated under the laws of Taiwan and is located and doing business at No. 50, Lane 958, Zhanghua Road, Huatan Township, Chuang Hua City, Taiwan 503.

2. Upon information and belief, CURT Manufacturing, LLC. ("CURT"), is a corporation organized and existing under the laws of the State of Wisconsin, and maintains a principal place of business at 6208 Industrial Drive, Eau Claire, Wisconsin 547011.

## II.  JURISDICTION AND VENUE

3. Plaintiff claims against CURT are for patent infringement under 35 U.S.C. § 101, et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over CURT because, upon information and belief: (1) CURT has conducted and regularly conducts business activities within the State of California and the Central District of California; (2) CURT has had continuous, substantial, and systematic contacts with the State of California and this District through sale of and offers to sell certain products, including at least model numbers 18084 and 18086 (hereinafter the "Accused Products"); and (3) events giving rise to the cause of action herein, including, but not limited to, sales of, and offers to sell, the Accused Products, occurred and are occurring in California and in this District. As further set forth herein, on information and belief, CURT has contributed to and induced acts of infringement within the State of California and the Central District of California.

5. Pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), venue within this District is proper.

## III.  THE ASSERTED PATENTS

6. On July 10, 2007, the United States Patent and Trademark Office duly and legally issued patent number 7,240,816 ("the '816 Patent") after full and fair examination. A true and accurate copy of the '816 Patent is attached hereto as Exhibit 1.

7. The '816 Patent relates to a bike rack for use on vehicles.

8. The '816 Patent is valid and enforceable.

9. Mr. David Tsai is the inventor of the '816 patent and owner of Plaintiff company King Sheng Co., Ltd. Plaintiff is the exclusive licensee of the '816 Patent and holds all substantial rights in the '816 Patent including the right to bring suit for patent infringement.

10. Plaintiff has been a leading manufacturer in the field of bike racks whose products are sold around the world. Plaintiff manufactures, imports, sells, and/or offers to sell products that utilize the '816 Patent in this District, throughout the United States, and in various countries around the world.

11. All products utilizing the '816 invention manufactured by Plaintiff are prominently marked with US Patent #7240816 and TW (Taiwan) Patent #1222941.

## IV. DEFENDANT'S INFRINGEMENT OF THE '816 PATENT

12. CURT is a bike rack company that sells and distributes a wide variety of bike rack products.

13. The Accused Products are among the products sold by CURT.

14. The Accused Products infringe, both literally and under the doctrine of equivalents, upon independent claim 1 of the '816 Patent and dependent claims 2-20 thereof. A true and correct copy of the cease and desist letter sent by Plaintiff to CURT on August 25, 2015, which includes an infringement analysis of CURT model 18084 under claim 1 of the '816 Patent, is attached hereto as Exhibit 2 and incorporated by reference.

15. On information and belief, CURT has made, imports, sells, offers to sell, and/or uses the Accused Products. CURT also provides instructions and directions on how to use the Accused Products in both the product packaging and online via their website.

16. On information and belief, CURT has known of the '816 Patent since at least July 10, 2007, which is the date the '816 Patent issued from the United States Patent and Trademark Office.

## V. **COUNT I – PATENT INFRINGEMENT**

17. Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1-14, supra.

18. CURT is currently infringing and has infringed the '816 Patent directly by, without authority, having made, importing into the United States, and/or using, selling, and/or offering for sale in the United States, including this District, the Accused Products, which embody the inventions claimed in the '816 Patent.

19. CURT has directly and/or jointly with other entities infringed and is currently directly and/or jointly with other entities infringing the '816 Patent literally and/or under the doctrine of equivalents.

20. CURT is actively, intentionally, and/or knowingly inducing infringement of the '816 Patent by others in the United States, including, but not limited to, distributors and bike retail stores, and is thus liable to Plaintiff pursuant to 35 U.S.C. § 271(b).

21. CURT is actively, intentionally, and/or knowingly contributing to infringement of the '816 Patent by others in the United States, including, but not limited to distributors and bike retail stores, and is thus liable to Plaintiff pursuant to 35 U.S.C. § 271(c).

22. CURT has never been authorized to practice the inventions protected by the '816 Patent.

23. Because, upon information and belief, CURT has had actual notice of the '816 Patent since 2007 and its infringement of the '816 Patent has been and continues to be willful and deliberate.

24. CURT's infringement of the '816 Patent has caused injury to Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate for such infringement.

25. CURT will continue to infringe the '816 Patent unless this Court enjoins and restrains CURT's activities, and Plaintiff has no adequate remedy at law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

A. Finding that U.S. Patent No. 7,240,816 is valid, enforceable, and infringed by CURT, and that CURT is liable for inducement of infringement and contributory infringement of the '816 Patent;

B. Entering a permanent injunction against CURT, enjoining it, its respective directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity or in concert or participation with CURT from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products embodying the patented inventions claimed in the '816 Patent;

C. Holding that CURT acted willfully in causing damage to Plaintiff;

D. Awarding Plaintiff such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

E. Awarding Plaintiff enhanced damages, pursuant to 35 U.S.C. § 284;

F. Awarding Plaintiff pre-judgment and post-judgment interest as allowed by law;

G. Awarding Plaintiff its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

H. Awarding Plaintiff such other and further relief as the Court deems just, equitable, and proper.

## VII. JURY DEMAND

Plaintiff hereby respectfully requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable.

Respectfully submitted,

Dated: May 16, 2016     BRUCE STONE LLP

By:  /s/ Chia-li S. Bruce
Chia-li Bruce (SBN 252876)
Attorney for Plaintiff
King Sheng Co., Ltd.